1  CORYNNE MCSHERRY (SBN 221504)
   corynne@eff.org
2  AARON MACKEY (SBN 286647)
   amackey@eff.org
3  VERA RANIERI (SBN 271594)
   vera@eff.org
4  ELECTRONIC FRONTIER FOUNDATION
   815 Eddy Street
5  San Francisco, CA 94109
   Telephone: (415) 436-9333
6  Facsimile: (415) 436-9993

7

8  Attorneys for Amici Curiae
   Electronic Frontier Foundation, Computer &
9  Communications Industry Association,
   Center for Democracy & Technology,
10 and Public Knowledge

11

12                    **UNITED STATES DISTRICT COURT**

13                 **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

14                              **SAN JOSE DIVISION**

15 | **GOOGLE INC.,** | ) No. 5:17-cv-04207-EJD |
|---|---|
16 |        Plaintiff, | ) **NOTICE OF MOTION AND MOTION** |
17 | v. | ) **FOR LEAVE TO FILE PROPOSED** <br> ) **AMICUS CURIAE BRIEF OF** |
18 | **EQUUSTEK SOLUTIONS INC., CLARMA** | ) **ELECTRONIC FRONTIER** <br> ) **FOUNDATION, COMPUTER &** |
19 | **ENTERPRISES, INC., AND ROBERT ANGUS,** | ) **COMMUNICATIONS INDUSTRY** <br> ) **ASSOCIATION, CENTER FOR** |
20 |        Defendants. | ) **DEMOCRACY & TECHNOLOGY,** <br> ) **AND PUBLIC KNOWLEDGE IN** |
21 | | ) **SUPPORT OF PLAINTIFF** <br> ) **GOOGLE'S MOTION FOR** |
22 | | ) **PRELIMINARY INJUNCTION** |
23 | | ) Date: September 14, 2017 |
24 | | ) Time: 9:00 AM <br> ) Courtroom 4, 5th Floor |
25 | | ) Hon. Edward J. Davila |

26 _____

27

28

TO EACH PARTY AND ATTORNEYS OF RECORD IN THIS ACTION:

PLEASE TAKE NOTICE that on September 14, 2017, at 9:00 a.m., or as soon thereafter as counsel can be heard in Courtroom 4 of the United States District Court, Northern District of California, San Jose Division, located on the 5th Floor at 280 South 1st Street, San Jose, California, 95113 amici curiae Electronic Frontier Foundation, Computer & Communications Industry Association, Center for Democracy & Technology, and Public Knowledge will move this Court, for leave to file an amicus brief in support of Plaintiff Google, Inc.  Google consents to this Motion. Defendants have not consented to the filing.

Please note also that although counsel are prepared to argue this matter on the date noticed above, Amici have no objection should the Court choose to decide this matter on the papers.

## STATEMENT OF INTEREST

The Electronic Frontier Foundation ("EFF") has an interest in this case because it concerns the extent to which a single foreign court can determine what content Internet users in the United States and around the world can access online. EFF, a non-profit civil liberties organization with more than 37,000 dues-paying members, works to protect rights in the digital world. Based in San Francisco and founded in 1990, EFF regularly advocates in courts on behalf of users and creators of technology in support of free expression, privacy, and innovation online. With permission from the Court of Appeal for British Columbia and the Supreme Court of Canada, EFF intervened in the underlying Canadian litigation in light of EFF's concerns about the conflict with U.S. law and the rights of U.S.-based persons. *See Equustek Solutions Inc. v. Jack*, 2015 BCCA 265[1] & *Google Inc. v. Equustek Solutions Inc.*, 2017 SCC 34.[2]

---

[1] Available at https://www.canlii.org/en/bc/bcca/doc/2015/2015bcca265/2015bcca265.html.
[2] Available at https://www.canlii.org/en/ca/scc/doc/2017/2017scc34/2017scc34.html.

The Computer & Communications Industry Association ("CCIA") represents over twenty companies of all sizes providing high technology products and services, including computer hardware and software, electronic commerce, telecommunications, and Internet products and services—companies that collectively generate more than $540 billion in annual revenues.[3] CCIA members provide services to countries around the world and are frequently confronted with orders to block content in one jurisdiction that is lawful in another. An environment in which such orders are enforceable — even against online services not party to the underlying case—could do extraordinary damage to the Internet economy.

The Center for Democracy & Technology ("CDT") is a nonprofit public interest organization working to ensure that the human rights we enjoy in the physical world are realized online, and that technology serves as an empowering force for people worldwide. Integral to this work is CDT's representation of the public interest in the creation of an open and innovative Internet that promotes the constitutional and democratic values of free expression, privacy, and individual liberty. For more than twenty years, CDT has advocated in support of laws and policies to expand access to information and promote the vibrant exchange of ideas.

Public Knowledge is a non-profit organization that is dedicated to preserving the openness of the Internet and the public's access to knowledge, promoting creativity through balanced intellectual property rights, and upholding and protecting the rights of consumers to access information and use innovative technology lawfully.

**ARGUMENT**

Amici represent a broad swath of Internet users and technology companies, who are deeply concerned about the Canadian Order and its likely ramifications. We seek to call the

---

[3] A list of CCIA members is available at https://www.ccianet.org/members. Google is a CCIA member, but took no part in the preparation of this brief.

Court's attention to the important public interests at stake in this litigation, particularly for Internet users who are not parties to the case but will nonetheless be affected by the precedent it sets. Although this case concerns a private trade secret dispute, the precedent it sets will affect the general public by determining whether Internet users in the United States can access information that is protected by both the First Amendment and federal law. The Canadian court's order ("the Canadian Order") sets a dangerous and unbounded precedent that will have applications in countless other contexts. If one foreign court can impose its speech-restrictive rules on the entire Internet—despite the conflict between its rules and those of a foreign jurisdiction—the norms of expectations of all Internet users are at risk.

As Google explains in its brief, the global de-listing order at issue in this case impedes Google's right to share accurate information. However, it also restricts Internet users' ability to *receive* such information.

Courts have repeatedly recognized First Amendment protections for platforms that provide search results. *See, e.g.*, *Search King, Inc. v. Google Technology, Inc.*, 2003 WL 21464568 (W.D. Okla. 2003); *Langdon v. Google, Inc.*, 474 F. Supp. 2d 622, 629–30 (D. Del. 2007); *Zhang v. Baidu.com, Inc.*, 2014 WL 1282730 (S.D.N.Y. 2014); *see also* Eugene Volokh & Donald M. Falk, *Google First Amendment Protection for Search Engine Search Results*, 8 J.L. Econ. & Pol'y 883 (2012).

Users of web search engines have a corollary right to receive search engine results. Moreover, this right to access information via search results is not diminished because information about products allegedly derived from misappropriated trade secrets under Canadian law may be included. Prohibiting access to protected speech as a means to deny access to unprotected speech "turns the First Amendment upside down," *Ashcroft v. Free Speech Coalition*, 535 U.S. 234, 255 (2002), essentially "burning the house to roast the pig." *Sable*

*Commc'ns of Cal., Inc. v. FCC*, 492 U.S. 115, 127 (1989).

In addition, the Canadian Order runs directly contrary to the protections of 47 U.S.C. § 230 ("Section 230"), which have been crucial to the development of robust online platforms for speech, to the benefit of users and intermediaries alike.[4] Section 230's broad platform immunity reflects Congress' intentional policy decision that individuals harmed by speech online must seek relief from the speakers themselves, rather than the platforms those speakers used or the search results that may lead third parties to that speech. *See Zeran v. AOL*, 129 F.3d 327, 330–31 (4th Cir. 1997). By limiting liability in this way, Congress decided that creating a forum for unrestrained and robust communication was of utmost importance. And although Congress certainly did not intend to promote speech that violates foreign trade secret law, Congress *did* decide that promoting platforms that would allow robust online dialogue was more important than ridding the Internet of all harmful speech.

As Amici further explain, the injunction sought by Google serves the public interest by ameliorating these conflicts and ensuring that Internet users in the United States, at least, continue to enjoy access to information that is protected by the First Amendment. The injunction also vindicates the careful policy judgment Section 230 embodies.

Amici respectfully request that the Court grant the motion and accept the attached brief.

DATED: August 7, 2017

Respectfully submitted,

By   /s/ Corynne McSherry
       Corynne McSherry

---

[4] The statute was passed as Section 509 of the Communications Decency Act, part of the Telecommunications Act of 1996, Pub. L. 104-104. It is sometimes colloquially referred to as "CDA 230" or "Section 230 of the Communications Decency Act." Amici refer to it as Section 230.

Aaron Mackey
Vera Ranieri
ELECTRONIC FRONTIER FOUNDATION
815 Eddy Street
San Francisco, CA  94109
corynne@eff.org

Attorneys for Amici Curiae
Electronic Frontier Foundation, Computer &
Communications Industry Association,
Center for Democracy & Technology,
and Public Knowledge