QUINN EMANUEL URQUHART & SULLIVAN, LLP
Margret M. Caruso (CA Bar No. 243473)
  margretcaruso@quinnemanuel.com
Carolyn M. Homer (CA Bar No. 286441)
  carolynhomer@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065-2139
Telephone:     (650) 801-5000
Facsimile:     (650) 801-5100

*Attorneys for Plaintiff*
*Google LLC*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| **Google LLC**<br><br>         Plaintiff,<br><br>    vs.<br><br>**Equustek Solutions Inc.**, **Clarma Enterprises Inc.**, and **Robert Angus**,<br><br>         Defendants. | Case No. 5:17-cv-04207-EJD<br><br>**CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER**<br><br><u>INITIAL CASE MANAGEMENT CONFERENCE</u><br>DATE: November 9, 2017<br>TIME: 10:00 a.m.<br>PLACE: Courtroom 4 - 5th Floor<br>JUDGE: Hon. Edward J. Davila |

Google LLC ("Google"), the Plaintiff in the above-entitled action, respectfully submits this CASE MANAGEMENT STATEMENT & PROPOSED ORDER pursuant to the Standing Order for All Judges of the Northern District of California dated July 1, 2011 and Civil Local Rule 16-9.

This statement is submitted on behalf of Google only because Defendants Robert Angus, Clarma Enterprises Inc., and Equustek Solutions Inc. (collectively, "Equustek") have defaulted. Equustek neither filed an Answer to Google's Complaint (Dkt. 1) nor any Opposition to Google's pending Motion for Preliminary Injunctive Relief (Dkt. 16). In addition, by letter faxed to Google's counsel on September 8, 2017, Defendant Robert Angus, principal of both Clarma Enterprises Inc., and Equustek Solutions Inc., confirmed Defendants' decision not to defend this action. Accordingly, Google intends to seek a default judgment against Defendants.

Because Defendants have elected not to appear, Google has not communicated with Defendants regarding this Case Management Statement. Google's position with respect to each of the Court's standard questions is set forth below.

**1.    JURISDICTION & SERVICE**

As detailed in the Complaint ¶ 9, "This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this action arises under federal law, namely the First Amendment to the U.S. Constitution and the Communications Decency Act, 47 U.S.C. § 230."

As detailed in the Complaint ¶ 11, and Google's Reply Memorandum in Support of Preliminary Injunctive Relief (Dkt. 36) at 1-3, the Court has specific personal jurisdiction over Defendants because they have pursued a course of conduct specifically targeting Google's United States search engine activities related to this dispute.

All Defendants have been served. *See* Dkt. 17-19.

**2.    FACTS**

Google offers a free and popular internet search engine, accessible at www.google.com. Google's search results are based on Google's computers crawling, indexing, and algorithmically analyzing the trillions of webpages that make up the public internet. Google offers various country-and-language-specific versions of its search engine around the world.

This dispute arises from litigation in Canada, to which Google is not a party. There, Equustek (the Defendants here) sought and obtained an order against Google, requiring Google to remove from its search results in every country, including the United States, the public webpages of an Equustek competitor known as Datalink. In June of this year the Supreme Court of Canada affirmed the Canadian Order.

Google contends that enforcement of the Canadian Order in the United States violates the First Amendment, because it punishes Google for displaying publicly available information (i.e. links to still-live Datalink websites) in its search results. Enforcement of the Canadian Order in the United States also violates Section 230 of the Communications Decency Act, which immunizes Google from being held liable as the publisher of another speaker's online content. Additional relevant facts are set forth in Google's Complaint ¶¶ 13-29 and in Google's Motion for Preliminary Injunctive Relief and supporting papers (Dkt. 16).

**3.     LEGAL ISSUES**

Google submits that the Canadian court order Defendants obtained that prohibits Google (a U.S. company and a non-party to the Canadian action) from displaying information about certain websites in any Google search results worldwide, including the United States, cannot be enforced in the United States consistent with the First Amendment to the United States Constitution and the Communications Decency Act.

There is no dispute as to the law because Defendants are in default.

**4.     MOTIONS**

Google's Motion for Preliminary Injunctive Relief (Dkt. 16) is pending, with a hearing scheduled for November 2, 2017.

Pursuant to Fed. R. Civ. P. 55, Google intends to bring a Motion for a Default Judgment within 14 days of the Court's ruling on Google's Motion for Preliminary Injunctive Relief.

**5.     AMENDMENT OF PLEADINGS**

Google does not anticipate amending the pleadings.

**6.     EVIDENCE PRESERVATION**

Google has reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"), and has taken appropriate steps to preserve evidence, including by imposing a litigation hold on relevant documents.

**7.     DISCLOSURES**

Due to Defendants' election to not defend this case, no initial disclosures have been exchanged.

**8.     DISCOVERY**

Due to Defendants' election to not defend this case, no discovery has been conducted, and Google does not anticipate that any discovery will be conducted.

**9.     CLASS ACTIONS**

This is not a class action.

**10.    RELATED CASES**

This action is related to a proceeding in Canada captioned *Equustek Solutions Inc. v. Jack*, Case No. S112421 (Sup. Ct. British Columbia).

**11.    RELIEF**

Google does not seek damages.  Google seeks a permanent injunction that because of the protections afforded by the First Amendment and the Communications Decency Act, the Canadian Order Defendants obtained, that requires Google to alter its United States search results, is not enforceable in the United States.

**12.    SETTLEMENT AND ADR**

Having resisted Defendants' order against it up to the Supreme Court of Canada, and Defendants now having defaulted in this action, Google does not believe there is any reasonable prospect for settlement.  Given Defendants' default, no ADR option seems appropriate.

**13.    CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

Google does not consent to a magistrate judge for all purposes.

**14. OTHER REFERENCES**

This case is not suitable for reference to arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**15. NARROWING OF ISSUES**

Google believes the issues cannot be further narrowed.

**16. EXPEDITED TRIAL PROCEDURE**

No trial will be necessary due to Defendants' default.

**17. SCHEDULING**

In view of Defendants' default, the only schedule issue that appears to remain is the filing of Google's Motion for a Default Judgment pursuant to Rule 55.  Google proposes that it file that motion within 14 days of the Court's ruling on Google's Motion for Preliminary Injunctive Relief.

**18. TRIAL**

No trial will be necessary due to Defendants' default.  Even if a trial were necessary, because Google seeks only equitable relief, no jury trial would be necessary.

**19. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

Google has filed its "Certification of Interested Entities or Persons" required by Civil Local Rule 3-15.  It is restated below:

Pursuant to Civil L.R. 3-15, the undersigned certifies that the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding:

- Google LLC
- XXVI Holdings Inc., Holding Company of Google LLC
- Alphabet Inc., Holding Company of XXVI Holdings Inc.

Defendants have not appeared or filed a "Certification of Interested Entities or Persons" as required by Civil Local Rule 3-15.

**20.     PROFESSIONAL CONDUCT**

All of Google's attorneys of record have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**21.     OTHER**

In view of the circumstances, including Google's pending Motion for Preliminary Injunctive Relief set for hearing on November 2 and Defendants' default, Google respectfully submits that a case management hearing is not required in this action.

DATED: October 31, 2017                              QUINN EMANUEL URQUHART & SULLIVAN, LLP

                                        By:  /s/ Margret M. Caruso
                                             Margret M. Caruso
                                             Carolyn M. Homer

                                             *Attorneys for Plaintiff*
                                             *Google LLC*

### [PROPOSED]
### CASE MANAGEMENT ORDER

The above JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER is approved as the Case Management Order for this case and all parties shall comply with its provisions.

IT IS SO ORDERED.

DATED:

                                             Hon. Edward J. Davila
                                             United States District Judge
                                             Northern District of California