UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| GOOGLE LLC,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>EQUUSTEK SOLUTIONS INC., et al.,<br><br>　　　　Defendants. | Case No.  5:17-cv-04207-EJD<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTIVE RELIEF**<br><br>Re: Dkt. No. 16 |

Plaintiff Google LLC brings this action against Defendants Equustek Solutions Inc., Clarma Enterprises Inc., and Robert Angus (together, "Equustek") to prevent enforcement of a Canadian court order requiring Google to delist search results worldwide. Google now moves for a preliminary injunction. Equustek has not filed an opposition brief.[1] Google's motion will be granted.

---

[1] In its reply brief, Google indicates that Defendant Robert Angus faxed a letter "to Google's counsel" and "to the Clerk of Court for this district." Dkt. No. 36 at 1. According to Google, the letter "declared Defendants' intention not to defend against Google's suit" and argued that Google's motion for preliminary injunctive relief is "unnecessary and unfair." Id. The letter has not been filed on the docket for this case, and in any event, the Court does not review or respond to letters or letter briefs. See Standing Order II ("Judge Davila does not review or respond to letters or letter briefs providing case information or seeking relief from the Court even if the letter is filed on the docket."). As such, the Court will not consider facts or arguments raised in Angus's letter.

Case No.: 5:17-cv-04207-EJD
ORDER GRANTING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTIVE RELIEF
1

## I. BACKGROUND

In 2011, Equustek filed suit in Canada against a group of individual and corporate defendants associated with Datalink, a rival computer hardware distributor and seller. Compl. ¶ 17, Dkt. No. 1; Equustek Solutions Inc. v. Jack, Case No. S112421 (Sup. Ct. British Columbia). Equustek alleged that Datalink had colluded with a former Equustek engineer to incorporate Equustek's trade secrets into Datalink's products, and that Datalink misled customers who believed they were buying Equustek's products. Compl. ¶ 5. In 2012, Equustek obtained several Canadian court orders against Datalink. Id. ¶ 18. Datalink refused to comply and fled the country. Id. The Canadian court issued an arrest warrant for the primary individual defendant, but he has not been apprehended. Id.

In September 2012, Equustek asked Google to remove Datalink's websites from its search results. Id. ¶ 19. Google refused. Id. However, after the Canadian court granted Equustek's request for injunctive relief against Datalink, Google blocked more than 300 Datalink websites from appearing in its Canada-specific search results at www.google.ca. Id. Google did not remove Datalink websites from search results targeted to users outside of Canada. Id.

Equustek then sought a Canadian court order requiring Google to remove Datalink websites from its global search results. Id. ¶ 20. On June 13, 2014, the Canadian trial court issued an order requiring Google to delist Datalink search results worldwide. Id. ¶ 20; see also id. Ex. A (attaching the order from the Canadian trial court). The trial court later issued nine supplemental orders directing Google to delist additional websites associated with Datalink. Id. ¶ 21. Google has complied with the Canadian order. Id.

Google appealed to the Court of Appeal for British Columbia, which affirmed, and then to the Supreme Court of Canada, which issued an order affirming the trial court's order on June 28, 2017. Id. ¶¶ 24–25; see also id. Ex. B (attaching the order from the Supreme Court of Canada).

Google filed this action on July 24, 2017, seeking "a declaratory judgment that the Canadian court's order cannot be enforced in the United States and an order enjoining that

Case No.: 5:17-cv-04207-EJD
ORDER GRANTING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTIVE RELIEF
2

enforcement." Compl. ¶ 4. Google now moves for preliminary injunctive relief. Pl.'s Mot. for Prelim. Inj. Relief ("Mot."), Dkt. No. 16.

## II.  LEGAL STANDARD

A party seeking a preliminary injunction must establish that (1) it is likely to succeed on the merits of its claims, (2) it is likely to suffer irreparable harm in the absence of preliminary relief, (3) the balance of equities weighs in its favor, and (4) an injunction is in the public interest. Winter v. Natural Res. Def. Council, 555 U.S. 7, 20 (2008). Courts in the Ninth Circuit apply a "sliding scale" approach in which "the elements of the preliminary injunction test are balanced, so that a stronger showing of one element may offset a weaker showing of another." Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131 (9th Cir. 2011) (quoting Winter, 555 U.S. at 20).

## III.  DISCUSSION

Google argues that the Canadian order is "unenforceable in the United States because it directly conflicts with the First Amendment, disregards the Communication Decency Act's immunity for interactive service providers, and violates principles of international comity." Mot. 2.

### A.  Likelihood of Success on the Merits

Section 230 of the Communications Decency Act "immunizes providers of interactive computer services against liability arising from content created by third parties." Fair Hous. Council of San Fernando Valley v. Roommates.com, LLC, 521 F.3d 1157, 1162 (9th Cir. 2008) (en banc). It states that "[n]o provider or user of an interactive computer service shall be treated as the publisher or speaker of any information provided by another information content provider." 47 U.S.C. § 230(c)(1). Congress enacted Section 230 in 1996 to address "the threat that tort-based lawsuits pose to freedom of speech in the new and burgeoning Internet medium." Zeran v. Am. Online, Inc., 129 F.3d 327, 328, 330 (4th Cir. 1997). Section 230 does not allow internet users to escape accountability for publishing unlawful material; rather, it reflects Congress's policy choice "not to deter harmful online speech through the separate route of imposing tort liability on

companies that serve as intermediaries for other parties' potentially injurious messages." Id. at 330–31.

To qualify for Section 230 immunity, Google must show that (1) it is a "provider or user of an interactive computer service," (2) the information in question was "provided by another information content provider," and (3) the Canadian order would hold it liable as the "publisher or speaker" of that information. Klayman v. Zuckerberg, 753 F.3d 1354, 1357 (D.C. Cir. 2014) (quoting 27 U.S.C. § 230(c)(1)); see also Caraccioli v. Facebook, Inc., 167 F. Supp. 3d 1056, 1065 (N.D. Cal. 2016).

Here, Google satisfies all three elements. First, there is no question that Google is a "provider" of an "interactive computer service." See 47 U.S.C. § 230(f)(2) ("The term 'interactive computer service' means any information service, system, or access software provider that provides or enables computer access by multiple users to a computer server."); O'Kroley v. Fastcase, Inc., 831 F.3d 352, 355 (6th Cir. 2016) ("Google is an interactive computer service, an entity that provides 'access by multiple users to a computer server.' "); Parker v. Google, Inc., 422 F. Supp. 2d 492, 501 (E.D. Pa. 2006) ("[T]here is no doubt that Google qualifies as an "interactive computer service."); Gonzalez v. Google, Inc., No. 16-cv-03282-DM, 2017 WL 4773366, at *9 (N.D. Cal. Oct. 23, 2017) (finding that Google is a provider of an interactive computer service).

Second, Datalink—not Google—"provides" the information at issue. Google crawls third-party websites and adds them to its index. Compl. ¶¶ 14–16. When a user queries Google's search engine, Google responds with links to relevant websites and short snippets of their contents. Id. Google's search engine helps users discover and access content on third-party websites, but it does not "provide" that content within the meaning of Section 230. See O'Kroley, 831 F.3d at 355 (holding that Google cannot be liable "for merely providing access to, and reproducing, the allegedly defamatory text" in the form of links and snippets in search engine results).

Third, the Canadian order would hold Google liable as the "publisher or speaker" of the information on Datalink's websites. The Supreme Court of Canada ordered Google to "de-index

Case No.: 5:17-cv-04207-EJD
ORDER GRANTING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTIVE RELIEF
4

the Datalink websites" from its global search results because, in the Court's view, Google is "the determinative player in allowing the harm to occur" to Equustek. Compl. Ex. B ¶¶ 49, 53. The Ninth Circuit has held that, regardless of the underlying cause of action, a claim treats an intermediary as a publisher when it requires the intermediary to remove third-party content. Barnes v. Yahoo!, Inc., 570 F.3d 1096, 1103 (9th Cir. 2009). The Barnes panel held that "removing content is something publishers do, and to impose liability on the basis of such conduct necessarily involves treating the liable party as a publisher of the content it failed to remove." Id. at 1103. The Canadian order treats Google as a publisher because the order would impose liability for failing to remove third-party content from its search results.

Google meets the requirements for Section 230 immunity. As such, the Court finds that Google is likely to prevail on the merits of its Section 230 argument.[2]

### B.   Irreparable Harm, Balance of the Equities, and the Public Interest

Google is harmed because the Canadian order restricts activity that Section 230 protects. In addition, the balance of equities favors Google because the injunction would deprive it of the benefits of U.S. federal law. See, e.g., Arizona Dream Act Coal. v. Brewer, 757 F.3d 1053, 1069 (9th Cir. 2014) ("[I]t is clear that it would not be equitable or in the public's interest to allow the state . . . to violate the requirements of federal law, especially when there are no adequate remedies available.") (quoting Valle del Sol Inc. v. Whiting, 732 F.3d 1006, 1029 (9th Cir. 2013)).

An injunction would also serve the public interest. Congress recognized that free speech on the internet would be severely restricted if websites were to face tort liability for hosting user-generated content. See Zeran, 129 F.3d at 330. It responded by enacting Section 230, which grants broad immunity to online intermediaries. See, e.g., Batzel v. Smith, 333 F.3d 1018, 1027 (9th Cir. 2003) ("Congress wanted to encourage the unfettered and unregulated development of free speech on the Internet."); 47 U.S.C. § 230(a)(3), (b)(2), (b)(3) ("The Internet and other interactive

---

[2] Since Google is likely to prevail on the merits of its Section 230 claim, it is unnecessary to address Google's arguments based on the First Amendment and international comity.

Case No.: 5:17-cv-04207-EJD
ORDER GRANTING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTIVE RELIEF
5

computer services offer a forum for a true diversity of political discourse, unique opportunities for cultural development, and myriad avenues for intellectual activity . . . It is the policy of the United States . . . to promote the continued development of the Internet and other interactive computer services and other interactive media [and] to preserve the vibrant and competitive free market that presently exists for the Internet and other interactive computer services, unfettered by Federal or State regulation.").

The Canadian order would eliminate Section 230 immunity for service providers that link to third-party websites. By forcing intermediaries to remove links to third-party material, the Canadian order undermines the policy goals of Section 230 and threatens free speech on the global internet.

## IV. CONCLUSION

Google's motion for preliminary injunctive relief is GRANTED.

**IT IS SO ORDERED.**

Dated: November 2, 2017

EDWARD J. DAVILA
United States District Judge

Case No.: 5:17-cv-04207-EJD
ORDER GRANTING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTIVE RELIEF
6