QUINN EMANUEL URQUHART & SULLIVAN, LLP
Margret M. Caruso (CA Bar No. 243473)
  margretcaruso@quinnemanuel.com
Carolyn M. Homer (CA Bar No. 286441)
  carolynhomer@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065-2139
Telephone:   (650) 801-5000
Facsimile:    (650) 801-5100

*Attorneys for Plaintiff*
*Google LLC*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| **Google LLC**,<br><br>                Plaintiff,<br><br>        vs.<br><br>**Equustek Solutions Inc.**, **Clarma Enterprises Inc.**, and **Robert Angus**,<br><br>                Defendants. | Case No. 5:17-cv-04207-EJD<br><br>**GOOGLE LLC'S NOTICE OF MOTION AND MOTION FOR DEFAULT JUDGMENT AND PERMANENT INJUNCTIVE RELIEF**<br><br>HEARING<br><br>DATE:   January 18, 2018<br>TIME:   9:00 a.m.<br>PLACE: Courtroom 4 - 5th Floor<br>JUDGE: Hon. Edward J. Davila |

# NOTICE OF MOTION

TO DEFENDANTS EQUUSTEK SOLUTIONS INC., CLARMA ENTERPRISES INC. AND ROBERT ANGUS:

PLEASE TAKE NOTICE that pursuant to Federal Rule of Civil Procedure 55(b)(2), on January 18, 2018 or as soon thereafter as the matter may be heard, Plaintiff Google LLC ("Google") shall and hereby does move the Court for a default judgment and permanent injunction. Google's motion will be heard at 9:00 a.m. in the courtroom of the Honorable Edward J. Davila at the United States District Court for the Northern District of California, San Jose Courthouse, Courtroom 4, 280 South 1st Street, San Jose, California 95113.

Having already obtained preliminary injunctive relief (Dkt. 47), Google now seeks permanently to prohibit enforcement in the United States of the search results delisting order obtained by Defendants Equustek Solutions Inc., Clarma Enterprises Inc., and Robert Angus (collectively "Equustek") from the Supreme Court of British Columbia on June 13, 2014, and affirmed by the Supreme Court of Canada on June 28, 2017. Despite being hand-served in July (Dkt. 17-19), Equustek has failed to respond to Google's Complaint, oppose Google's Motion for Preliminary Injunctive Relief, or move to set aside the Clerk's Entry of Default. Equustek was also served (Dkt. 49, 52) with a copy of the Court's November 2, 2017 preliminary injunction order (Dkt. 47) and entry of default (Dkt. 51), but has not filed anything in response thereto or otherwise appeared in this action. Therefore, Google respectfully requests the Court convert the preliminary injunction into a permanent injunction and issue a final judgment.

This motion is based on this notice of motion and supporting memorandum of points and authorities, the Complaint (Dkt. 1), the Motion for Preliminary Injunctive Relief and its supporting declarations and exhibits (Dkt. 16), the Reply Memorandum thereto (Dkt. 36), the November 2, 2017 Order Granting Plaintiff's Motion for Preliminary Injunctive Relief (Dkt. 47), the Clerk's Entry of Default (Dkt. 51), all other papers and pleadings on file in this action, and all such further written materials and oral arguments as may be presented to the Court.

1  DATED: November 16, 2017

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By     /s/ *Margret M. Caruso*
      Margret M. Caruso
      Carolyn M. Homer

*Attorneys for Plaintiff*
*Google LLC*

# TABLE OF CONTENTS

**Page**

INTRODUCTION ...........................................................................................................................1

ARGUMENT ...................................................................................................................................1

I. THE COURT'S PRELIMINARY INJUNCTION ORDER SHOULD BE CONVERTED INTO A PERMANENT INJUNCTION ORDER ........................................1

II. THE COURT HAS JURISDICTION OVER THE SUBJECT MATTER AND THE DEFENDANTS IN THIS ACTION ...................................................................................2

III. THE FACTORS FOR ENTERING A DEFAULT JUDGMENT ALL FAVOR A PERMANENT INJUNCTION BARRING ENFORCEMENT OF THE CANADIAN ORDER IN THE UNITED STATES ............................................................4

    A. Google Would Suffer Prejudice Absent A Permanent Injunction. ..........................5

    B. The Merits Of Google's Complaint Require A Permanent Injunction. ...................5

        1. The Communications Decency Act Compels A Permanent Injunction. ..................................................................................................6

        2. The First Amendment Compels A Permanent Injunction. .........................6

        3. Principles Of International Comity Compel A Permanent Injunction. ..........7

    C. Google's Proffered Facts Are Not Subject To Dispute. ...........................................8

    D. Google Does Not Seek Monetary Relief. ................................................................9

    E. Equustek's Default Is Not Due To Excusable Neglect. ...........................................9

    F. The Final Factor Does Not Weigh Against A Default Judgment. ...........................9

CONCLUSION ................................................................................................................................9

# TABLE OF AUTHORITIES

**Page**

### Cases

*Aldabe v. Aldabe*,
  616 F.2d 1089 (9th Cir. 1980) .................................................................................................. 4

*Craigslist, Inc. v. 3taps, Inc.*,
  No. 3:12-cv-03816, 2015 WL 5921212 (N.D. Cal. Oct. 11, 2015) ....................................... 9

*Craigslist, Inc. v. Naturemarket, Inc.*,
  694 F. Supp. 2d 1039 (N.D. Cal. 2010) ........................................................................ 5, 8, 9

*CrossFit, Inc. v. Davalos*,
  No. 14-cv-00725, 2017 WL 733213 (N.D. Cal. Feb. 24, 2017) .......................................... 9

*In re Dan Farr Prods.*,
  874 F.3d 590 (9th Cir. 2017) .................................................................................................. 5

*de Fontbrune v. Wofsy*,
  838 F.3d 992 (9th Cir. 2016) .................................................................................................. 8

*eBay Inc. v. MercExchange, L.L.C.*,
  547 U.S. 388 (2006) ................................................................................................................ 2

*Eitel v. McCool*,
  782 F. 2d 1470 (9th Cir. 1986) ..................................................................................... 4, 5, 9

*Elrod v. Burns*,
  427 U.S. 347 (1976) ................................................................................................................ 5

*Entrepreneur Media, Inc. v. Kirton Communications Group Ltd.*,
  No. 15-cv-01415, 2015 WL 5569106 (N.D. Cal. Sept. 22, 2015) ....................................... 4

*e-ventures Worldwide, LLC v. Google, Inc.*,
  No. 2:14-cv-646, 2017 U.S. Dist. LEXIS 88650 (M.D. Fla. Feb. 8, 2017) ......................... 6

*Fontbrune v. Wofsy*,
  838 F.3d 992 (9th Cir. 2016) .................................................................................................. 8

*Ford Motor Co. v. Lane*,
  67 F. Supp. 2d 745 (E.D. Mich. 1999) ................................................................................. 7

*Hilton v. Guyot*,
  159 U.S. 113 (1895) ................................................................................................................ 7

*J & J Sports Productions, Inc. v. Gonzalez*,
  No. 5:16-cv-02284, 2016 WL 6947591 (N.D. Cal. Nov. 28, 2016) .................................... 2

*Jian Zhang v. Baidu.com Inc.*,
  10 F. Supp. 3d 433 (S.D.N.Y. 2014) ..................................................................................... 6

*Langdon v. Google Inc.*,
    474 F. Supp. 2d 622 (D. Del. 2007) .................................................................................... 7

*Luxpro Corp. v. Apple Inc.*,
    No. 10-cv-03058, 2011 WL 1086027 (N.D. Cal. Mar. 24, 2011) ......................................... 8

*MERSCORP Holdings, Inc. v. MERS, Inc.*,
    No. 16-cv-04380, 2017 WL 1709351 (N.D. Cal. May 3, 2017) ................................... 2, 4, 5

*Microsoft Corp. v. Lopez*,
    No. 08-cv-1743, 2009 WL 959219 (W.D. Wash. Apr. 7, 2009) ........................................... 8

*Nationwide Mutual Fire Insurance Co. v. Mitchell By & Through Seymour*,
    911 F. Supp. 230 (S.D. Miss. 1995) ..................................................................................... 9

*Nebraska Press Association v. Stuart*,
    427 U.S. 539 (1976) .............................................................................................................. 7

*O'Grady v. Superior Court*,
    139 Cal. App. 4th 1423 (Cal. Ct. App. 2006) ....................................................................... 7

*PepsiCo v. Triunfo-Mex, Inc.*,
    189 F.R.D. 431 (C.D. Cal. 1999) ...................................................................................... 4, 8

*Philip Morris USA, Inc. v. Castworld Productions, Inc.*,
    219 F.R.D. 494 (C.D. Cal. 2003) .......................................................................................... 5

*Rain CII Carbon, LLC v. Kurczy*,
    No. 12-cv-2014, 2012 WL 3577534 (E.D. La. Aug. 20, 2012) ............................................ 7

*Sarl Louis Feraud International v. Viewfinder, Inc.*,
    489 F.3d 474 (2d Cir. 2007) .................................................................................................. 8

*Search King Inc. v. Google Technology, Inc.*,
    No. 02-cv-1457, 2003 WL 21464568 (W.D. Okla. May 27, 2003) ...................................... 7

*Securities and Exchange Commission v. JSG Capital Investments, LLC*,
    No. 16-cv-02814, 2017 WL 3579570 (N.D. Cal. June 30, 2017) ......................................... 5

*Televideo Systems, Inc. v. Heidenthal*,
    826 F.2d 915 (9th Cir. 1987) ................................................................................................. 4

*In re Tuli*,
    172 F. 3d 707 (9th Cir. 1999) ................................................................................................ 2

*U. S. Commodity Futures Trading Commission v. Marcus*,
    No. 15-cv-03307, 2016 WL 5339715 (N.D. Ill. July 27, 2016) ............................................ 2

*Yahoo! Inc. v. La Ligue Contre Le Racisme*,
    169 F. Supp. 2d 1181 (N.D. Cal. 2001) ................................................................................. 8

*Yahoo! Inc. v. La Ligue Contre Le Racisme*,
    433 F.3d 1199 (9th Cir. 2006) ........................................................................................... 3, 8

**Constitution, Statutes, and Rules**

U.S. Constitution, First Amendment ................................................................................... *passim*

28 U.S.C. § 1331 .............................................................................................................................. 2

47 U.S.C. § 230 ..................................................................................................................... 1, 3, 5, 6

Fed. R. Civ. P. 4(f)(2)(C) ................................................................................................................. 2

Fed. R. Civ. P. 12(b)(6) .................................................................................................................... 5

Fed. R. Civ. P. 44.1 .......................................................................................................................... 8

Fed. R. Civ. P. 55(b)......................................................................................................................... 2

**Other Authorities**

Restatement (Third) of *Foreign Relations Law* § 402 (1987).......................................................... 8

Restatement (Fourth) of *Foreign Relations Law*: Jurisdiction § 408 (2014) ................................... 8

**INTRODUCTION**

On November 2, 2017, this Court granted a preliminary injunction against Equustek's enforcement in the United States of a Canadian Order requiring Google to delist certain search results worldwide. Order Granting Plaintiff's Motion for Preliminary Injunctive Relief (Dkt. 47) at 1 ("Preliminary Injunction Order"). The Court concluded that Google was likely to prevail on the merits that enforcement of the Canadian Order would "eliminate" the Communications Decency Act's immunity for interactive computer service providers, which prevents internet services like Google from being held liable for others' content. *Id.* at 3-6 (citing 47 U.S.C. § 230). The Court concluded that "By forcing intermediaries to remove links to third-party material, the Canadian order undermines the policy goals of Section 230 and threatens free speech on the global internet." *Id.* at 6.

In the nearly four months since this case began, Equustek has failed to answer Google's Complaint, oppose Google's Motion for Preliminary Injunctive Relief, or otherwise appear in this action. Accordingly, on November 3, 2017, the Clerk entered default. Dkt. 51. The facts underlying this action are set forth extensively in the Complaint (Dkt. 1), Google's Motion for Preliminary Injunctive Relief (Dkt. 16), and the Preliminary Injunction Order (Dkt. 47). Google now moves for a default judgment against Equustek, permanently enjoining its enforcement of the Canadian Order. The Canadian Order disregards the Communications Decency Act's immunity for interactive computer service providers, conflicts with the First Amendment, and violates principles of international comity; Equustek should be permanently enjoined from enforcing it in the United States.

**ARGUMENT**

I.  **THE COURT'S PRELIMINARY INJUNCTION ORDER SHOULD BE CONVERTED INTO A PERMANENT INJUNCTION ORDER**

To obtain permanent injunctive relief, "[a] plaintiff must demonstrate: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would

not be disserved by a permanent injunction." *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006). The standards for a permanent injunction are satisfied. Equustek's default, as set forth below, has confirmed Google's success on the merits, which the Court previously determined was likely. Dkt. 47. Google is seeking equitable relief from enforcement of an injunctive order of a foreign jurisdiction; no monetary relief is involved. This Court has already determined that Google's forced compliance with the Canadian Order constitutes irreparable injury to Google, and that the balance of equities and public interest favor injunctive relief. *See* Preliminary Injunction Order (Dkt. 47) at 5-6. Accordingly, the Court should convert the preliminary injunction into a permanent injunction.

## II. THE COURT HAS JURISDICTION OVER THE SUBJECT MATTER AND THE DEFENDANTS IN THIS ACTION

"Pursuant to Federal Rule of Civil Procedure 55(b), the court may enter default judgment against a defendant who has failed to plead or otherwise defend an action." *E.g. J & J Sports Prods., Inc. v. Gonzalez*, No. 5:16-cv-02284, 2016 WL 6947591, at *2 (N.D. Cal. Nov. 28, 2016) (Davila, J.). In considering a motion for default judgment, the Court has an affirmative duty to examine its jurisdiction over both the subject matter and the parties. *In re Tuli,* 172 F. 3d 707, 712 (9th Cir. 1999). "The district court also must assess the adequacy of the service of process on the party against whom default is requested." *MERSCORP Holdings, Inc. v. MERS, Inc.*, No. 16-cv-04380, 2017 WL 1709351, at *2 (N.D. Cal. May 3, 2017) (internal citation omitted).

Equustek has been adequately served with process in this action. Service by hand is permitted under Canadian law and therefore comports with Federal Rule of Civil Procedure Rule 4(f)(2)(C). *E.g.*, *U. S. Commodity Futures Trading Comm'n v. Marcus,* No. 15-cv-03307, 2016 WL 5339715, at *1 (N.D. Ill. July 27, 2016) (recognizing proper hand service in Canada). Google served the Equustek defendants in Canada with the summons, the Complaint, and the preliminary injunction papers on July 26 and 27, 2017. *See* Certificates of Service, Dkt. 17-19.

This Court has both subject matter jurisdiction over this action, and personal jurisdiction over Equustek. The Court's subject matter jurisdiction derives from 28 U.S.C. § 1331 because this action arises under federal law, namely the First Amendment to the U.S. Constitution and the

1  Communications Decency Act, 47 U.S.C. § 230.  *See* Complaint (Dkt. 1) ¶ 9.  The Court's
2  personal jurisdiction over Equustek stems from defendants' intentional pursuit of litigation in
3  Canada expressly aimed at requiring Google to undertake actions in the United States—
4  specifically, to delist search results in the United States and throughout the world.  *See* Complaint
5  (Dkt. 1) ¶ 11.

6        Google detailed the basis for this Court's exercise of personal jurisdiction over Equustek in
7  its Reply Memorandum In Support Of Google's Motion for Preliminary Injunctive Relief.  Dkt. 36
8  at 1-3.  This Court has already exercised personal jurisdiction over the defendants, preliminarily
9  enjoining them from enforcing the Canadian order regarding U.S. search results.  Dkt.
10 47.  Specifically, pursuit of foreign litigation against a U.S. company to compel removal of search
11 results establishes personal jurisdiction over the foreign plaintiff for purposes of determining
12 whether the extraterritorial orders they obtained are enforceable in the United States.  *Yahoo! Inc.*
13 *v. La Ligue Contre Le Racisme*, 433 F.3d 1199, 1209-11 (9th Cir. 2006).  Like the *Yahoo!*
14 defendants, Equustek "intentionally filed" an application for an injunction against a California
15 resident in a foreign court, unequivocally seeking relief targeting that California
16 resident.  *Compare Yahoo!*, 433 F.3d at 1209 *with* Complaint (Dkt. 1) ¶¶ 13, 20.  Equustek served
17 the application on Google in Mountain View, California.  *See* Complaint (Dkt. 1) ¶ 11.  Equustek
18 then sought and obtained from the foreign court orders directing Google to delist search results in
19 the United States.  *Compare Yahoo!*, 433 F.3d at 1209 *with* Complaint (Dkt. 1) ¶¶ 19-23.

20       The case for personal jurisdiction against Equustek is much stronger than the case was
21 against the French *Yahoo!* defendants, who had expressly disavowed any intent to require Yahoo
22 to remove listings in the United States.  *See Yahoo!*, 433 F.3d at 1221-22 (plurality
23 opinion).  Because the Canadian Order requires Google to "block access by users in the United
24 States, this [is] a different and much easier case." *Id*. at 1222 (plurality opinion).  The Court's
25 exercise of jurisdiction over Equustek comports entirely with fair play and substantial justice, and
26 is thus proper.

27
28

### III. THE FACTORS FOR ENTERING A DEFAULT JUDGMENT ALL FAVOR A PERMANENT INJUNCTION BARRING ENFORCEMENT OF THE CANADIAN ORDER IN THE UNITED STATES

Once it is satisfied concerning its jurisdiction, "The district court's decision whether to enter a default judgment is a discretionary one." *MERSCORP Holdings*, 2017 WL 1709351, at *2 (quoting *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980)). When exercising discretion to enter a default judgment, courts in the Ninth Circuit consider the following seven factors:

(1)  the possibility of prejudice to the plaintiff,

(2)  the merits of plaintiff's substantive claim,

(3)  the sufficiency of the complaint,

(4)  the sum of money at stake in the action,

(5)  the possibility of a dispute concerning material facts,

(6)  whether the default was due to excusable neglect, and

(7)  the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F. 2d 1470, 1471-72 (9th Cir. 1986). In considering these *Eitel* factors, the factual allegations of the plaintiff's complaint are taken as true, except those relating to the amount of damages (if any). *Televideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987). "'[I]n applying th[is] discretionary standard, default judgments are more often granted than denied.'" *Entrepreneur Media, Inc. v. Kirton Commc'ns Grp. Ltd.,* No. 15-cv-01415, 2015 WL 5569106, at *1 (N.D. Cal. Sept. 22, 2015) (quoting *PepsiCo v. Triunfo-Mex, Inc.*, 189 F.R.D. 431, 432 (C.D. Cal. 1999)).

The *Eitel* factors support a default judgment and permanent injunction. Google's case does not focus on disputed facts, but rather on questions of law surrounding the enforceability of an (undisputed) foreign injunction against Google's search engine activities in the United States. The Court has already considered the relevant facts, analyzed the core principles of law, found that Google is likely to succeed on the merits, and issued an opinion. *See* Preliminary Injunction Order (Dkt. 47). Because the *Eitel* factors require a far less rigorous analysis than that which the Court has already conducted, the Court's preliminary injunction order proves the factors

all favor entry of a default judgment and permanent injunction.  *See, e.g., MERSCORP Holdings*, 2017 WL 1709351, at *3 (issuing default judgment and permanent injunction where the "Court previously determined that Plaintiffs are likely to succeed on the merits of their claims when it issued the preliminary injunction."). A default judgment and a permanent injunction should therefore issue.

Nonetheless, for completeness, Google will address the *Eitel* factors in turn.

### A. Google Would Suffer Prejudice Absent A Permanent Injunction.

The risk of prejudice to Google favors entry of default judgment against Equustek.  As this Court has concluded, Google is *already* irreparably harmed "because the Canadian order restricts activity that Section 230 protects." Preliminary Injunction Order (Dkt. 47) at 5.  Additionally, "[t]he loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury." *In re Dan Farr Prods.*, 874 F.3d 590, 2017 WL 4837764, at *5 (9th Cir. 2017) (quoting *Elrod v. Burns*, 427 U.S. 347, 373 (1976) (plurality opinion)).  Absent a permanent injunction this harm and prejudice to Google will continue.  "Because Defendants have failed to respond to the complaint or otherwise appear in this action, [Google] will be left without a remedy, and therefore prejudiced, if default judgment is not granted." *Sec. & Exch. Comm'n v. JSG Capital Investments, LLC*, No. 16-cv-02814, 2017 WL 3579570, at *4 (N.D. Cal. June 30, 2017), *report and recommendation adopted*, 2017 WL 3575599 (N.D. Cal. July 28, 2017); *accord MERSCORP Holdings*, 2017 WL 1709351, at *3.

### B. The Merits Of Google's Complaint Require A Permanent Injunction.

The second and third *Eitel* factors are typically considered together, and "require that a plaintiff state a claim on which the [plaintiff] may recover." *Philip Morris USA, Inc. v. Castworld Prods., Inc.*, 219 F.R.D. 494, 499 (C.D. Cal. 2003); *accord Sec. & Exch. Comm'n, LLC*, 2017 WL 3579570, at *4 (recognizing that second and third factors are "intertwined").  In essence, these two factors require the Court to conduct an *Iqbal*-style Rule 12(b)(6) analysis of the Complaint. *E.g. Craigslist, Inc. v. Naturemarket, Inc.*, 694 F. Supp. 2d 1039, 1055 (N.D. Cal. 2010) ("Under the second and third *Eitel* factors the Court must examine whether the Plaintiff has plead facts sufficient to establish and succeed upon its claims.").

The Court has determined that Google's Communications Decency Act claim is not only plausible, but also that Google is likely to succeed on it. *See* Preliminary Injunction Order (Dkt. 47) at 5. Although not addressed by the Court in its Preliminary Injunction Order, Google has also exceeded the plausibility test by demonstrating a likelihood of success on the merits regarding its First Amendment and international comity claims. *See* Complaint (Dkt. 1) at ¶¶ 30-35, 44-54; Google's Motion for Preliminary Injunctive Relief (Dkt. 16) at 8-16, 18-20.

### 1. The Communications Decency Act Compels A Permanent Injunction.

The Communications Decency Act states that "[n]o provider or user of an interactive computer service shall be treated as the publisher or speaker of any information provided by another information content provider." 47 U.S.C. § 230(c)(1). This Court concluded on November 2, 2017, that Google is eligible for Section 230's immunity. *See* Preliminary Injunction Order (Dkt. 47) at 4. "There is no question that Google is a 'provider' of an 'interactive computer service.'" *Id.* "Datalink—not Google—'provides' the information at issue." *Id.* And "the Canadian order would hold Google liable as the 'publisher or speaker' of the information on Datalink's websites" by "impos[ing] liability for failing to remove third-party content from [Google's] search results." *Id.* at 5. Therefore, the Canadian Order cannot be enforced in the United States. *Id.* at 6.

### 2. The First Amendment Compels A Permanent Injunction.

Independently, Equustek should be permanently enjoined from enforcing the Canadian Order with respect to U.S. search results because the order is repugnant to the core values of the United States embodied in the First Amendment. The Canadian Order recognized that Google is an "innocent bystander" to Datalink's misconduct, but nonetheless enjoined Google, and only Google, from informing users about the public location of Datalink's websites. *See* Complaint (Dkt. 1) at ¶¶ 2, 20, 25-26. Enforcement of the Canadian Order thus constitutes a prior restraint on Google's ability to provide accurate search results about public information. Internet search results are "fully protected First Amendment expression." *See, e.g., Jian Zhang v. Baidu.com Inc.*, 10 F. Supp. 3d 433, 438-39 (S.D.N.Y. 2014); *accord e-ventures Worldwide, LLC v. Google, Inc.*, No. 2:14-cv-646, 2017 U.S. Dist. LEXIS 88650, at *11-12 (M.D. Fla. Feb. 8, 2017); *Langdon v.*

1  *Google Inc.,* 474 F. Supp. 2d 622, 629-30 (D. Del. 2007); *Search King Inc. v. Google Tech., Inc.,*
2  No. 02-cv-1457, 2003 WL 21464568, at *4 (W.D. Okla. May 27, 2003).

   Even when confidential or trade secret information is publicly available on the internet (which is not the case here, as the trade secrets themselves are not disclosed), courts routinely protect the First Amendment rights of media, bloggers, and other innocent third parties to publish that information.  *See Ford Motor Co. v. Lane*, 67 F. Supp. 2d 745, 753-54 (E.D. Mich. 1999) (protecting blogger's ability under the First Amendment to publish trade secret information provided to him by others); *see also, e.g., O'Grady v. Superior Court*, 139 Cal. App. 4th 1423, 1476 (Cal. Ct. App. 2006), *as modified* (June 23, 2006) (First Amendment barred Apple from subpoenaing news organizations regarding their sources of an Apple product leak); *Rain CII Carbon, LLC v. Kurczy,* No. 12-cv-2014, 2012 WL 3577534, at *3, 6 (E.D. La. Aug. 20, 2012) ("[T]he First Amendment requires that the press be free to publish truthful business information.").  To enjoin bystanders, like Google, from reporting on public information constitutes a prior restraint that violates the First Amendment.

   For an injunction on speech to be narrowly tailored under strict scrutiny, there must be no alternative measures adequate to further a compelling interest in restricting the speech.  *Nebraska Press Ass'n v. Stuart,* 427 U.S. 539, 542 (1976).  Enforcement of the Canadian Order cannot withstand such scrutiny.  Notably, the Canadian Order does nothing to prevent other search engines or the media from providing links to the public Datalink websites.  *See* Complaint (Dkt. 1), ¶ 16.  Indeed, the links are readily available in the series of delisting orders themselves, which are not redacted or sealed.

   3.  Principles Of International Comity Compel A Permanent Injunction.

   Enforcement of the Canadian Order as to U.S. search results would trespass on international comity.  It is a foundational principle of jurisprudence that each country is the master of its own territory.  *Hilton v. Guyot*, 159 U.S. 113, 163 (1895) ("No law has any effect, of its own force, beyond the limits of the sovereignty from which its authority is derived.").  The Canadian Order's extraterritorial censoring of U.S. search results violates this foundational principle.

Foreign courts ordinarily refrain from issuing worldwide injunctions because each country's court has jurisdiction to prescribe only "conduct that, wholly or in substantial part, takes place within [or affects] its territory." *See* Restatement (Third) of Foreign Relations Law § 402 (1987). Urging adherence to this principle, the Canadian Attorney General intervened in Google's appeal to the Supreme Court of Canada and argued that the Canadian Order "constitutes an impermissible exercise of extraterritorial enforcement jurisdiction." Complaint (Dkt. 1) ¶ 46. The Attorney General of Canada was correct. Pursuant to U.S. foreign judgment standards, this Court cannot enforce the Canadian Order in the United States unless it independently satisfies this country's standards for injunctive relief. *See* Restatement (Fourth) of Foreign Relations Law: Jurisdiction § 408 (2014) (comments). As explained above, the Canadian Order does not. "Foreign judgments that impinge on First Amendment rights" are universally "found to be 'repugnant' to public policy" and therefore unenforceable. *See, e.g.*, *Sarl Louis Feraud Int'l v. Viewfinder, Inc.*, 489 F.3d 474, 480 (2d Cir. 2007); *Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 169 F. Supp. 2d 1181, 1192 (N.D. Cal. 2001), *rev'd on other grounds*, 433 F.3d 1199, 1214 (9th Cir. 2006). Because the Canadian Order does not comport with the United States's robust protections for free speech, this Court cannot enforce it.

### C.     Google's Proffered Facts Are Not Subject To Dispute.

The absence of disputed material facts favors entry of a default judgment. "Defendant's silence supports the Court's finding that it is unlikely that genuine issues exist as to any material facts." *Microsoft Corp. v. Lopez*, No. 08-cv-1743, 2009 WL 959219, at *3 (W.D. Wash. Apr. 7, 2009); *accord PepsiCo*, 238 F. Supp. 2d at 1177. Further, the history of the foreign litigation and the terms of the Canadian Order are not subject to reasonable dispute—indeed, they are foreign court records that could be judicially noticed. *See, e.g.*, *de Fontbrune v. Wofsy*, 838 F.3d 992, 1000 (9th Cir. 2016) (holding that district courts may consider foreign legal materials at the pleadings stage); *Luxpro Corp. v. Apple Inc.*, No. 10-cv-03058, 2011 WL 1086027, at *3 (N.D. Cal. Mar. 24, 2011) (judicially noticing Taiwanese and German court orders); Fed. R. Civ. P. 44.1. The fifth factor therefore weighs in favor of Google. *Craigslist*, 694 F. Supp. 2d at 1061

("It is unlikely that, even if Defendants appeared in this matter, they would be able to dispute these facts.").

### D. Google Does Not Seek Monetary Relief.

Google does not seek a monetary judgment. "Courts have held that where a plaintiff seeks only injunctive relief, this factor weighs in favor of granting default judgment." *Craigslist, Inc. v. 3taps, Inc.*, No. 3:12-cv-03816, 2015 WL 5921212, at *3 (N.D. Cal. Oct. 11, 2015).

### E. Equustek's Default Is Not Due To Excusable Neglect.

Entry of default judgment is also appropriate because Equustek's default was not due to excusable neglect, but due to Equustek's deliberate avoidance of this lawsuit. "[I]t is unlikely Defendants' failure to appear and litigate this matter was based on excusable neglect" where defendants were both properly served and previously communicated with the Court. *Craigslist*, 694 F. Supp. 2d at 1061. Far from excusable neglect, Equustek's CEO affirmatively faxed a letter to Google's counsel (and, improperly, to the Clerk of Court) stating his express intention not to defend this suit. *See* Preliminary Injunction Order (Dkt. 47) at 1 n.1.

### F. The Final Factor Does Not Weigh Against A Default Judgment.

Finally, despite Equustek's default, this case is a legal dispute (i.e., can the Canadian Order censoring U.S. search results be enforced in the United States?) and the operative facts are uncontested. Therefore, the permanent injunction can be granted on the merits. *See, e.g.*, *Nationwide Mut. Fire Ins. Co. v. Mitchell By & Through Seymour*, 911 F. Supp. 230, 235 (S.D. Miss. 1995) (holding that "although there is a sufficient basis for granting default judgment," the established record sufficed to grant summary judgment on a declaratory judgment case instead, which was the preferred route because it was a disposition on the merits). In any event, where the other *Eitel* factors support a default judgment, the seventh factor will not preclude one. *CrossFit, Inc. v. Davalos*, No. 14-cv-00725, 2017 WL 733213, at *4 (N.D. Cal. Feb. 24, 2017).

### CONCLUSION

Google respectfully requests the Court issue a final judgment of default and permanently enjoin Equustek's enforcement of the Canadian Order in the United States.

DATED: November 16, 2017

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By  /s/ *Margret M. Caruso*
    Margret M. Caruso
    Carolyn M. Homer

*Attorneys for Plaintiff*
*Google LLC*