1  QUINN EMANUEL URQUHART & SULLIVAN, LLP
   Margret M. Caruso (CA Bar No. 243473)
2     margretcaruso@quinnemanuel.com
   Carolyn M. Homer (CA Bar No. 286441)
3     carolynhomer@quinnemanuel.com
   555 Twin Dolphin Drive, 5th Floor
4  Redwood Shores, California 94065-2139
   Telephone:    (650) 801-5000
5  Facsimile:    (650) 801-5100

6  *Attorneys for Plaintiff*
   *Google LLC*
7

8                    **UNITED STATES DISTRICT COURT**
                     **NORTHERN DISTRICT OF CALIFORNIA**
9                            **SAN JOSE DIVISION**

10

11 **Google LLC**,                          | Case No. 17-cv-04207-EJD
12         Plaintiff,                       | **[PROPOSED] ORDER GRANTING GOOGLE'S MOTION FOR DEFAULT JUDGMENT AND PERMANENT INJUNCTIVE RELIEF**
13     vs.
14
15 **Equustek Solutions Inc.**, **Clarma Enterprises Inc.**, and **Robert Angus**,
16         Defendants.

Plaintiff Google LLC ("Google") has moved for a default judgment and permanent injunction preventing Defendants Equustek Solutions Inc., Clarma Enterprises Inc., and Robert Angus (collectively, "Equustek") from enforcing in the United States the order Equustek obtained in Canada (the "Canadian Order") that enjoins Google from displaying certain links associated with the "Datalink" business in Google's search results in all countries, including the United States.

Having considered the motion:

**GOOGLE'S MOTION FOR A DEFAULT JUDGMENT AND PERMANENT INJUNCTION IS GRANTED.**

The Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331 because this action arises under federal law, namely the First Amendment to the U.S. Constitution and the Communications Decency Act, 47 U.S.C. § 230.  The Court has personal jurisdiction over Equustek because the defendants were properly served with process in Canada, and have intentionally pursued foreign litigation against a U.S. company and obtained an order compelling it to remove certain search results in the United States.  *See Yahoo! Inc. v. La Ligue Contre Le Racisme*, 433 F.3d 1199, 1209-11 (9th Cir. 2006).

Equustek has failed to respond to Google's Complaint, oppose Google's Motion for Preliminary Injunctive Relief, or move to set aside the Clerk's Entry of Default.  Equustek has not filed anything in response to the Court's November 2, 2017 Preliminary Injunction Order, nor otherwise appeared in this action.  Accordingly, the Court will convert its Preliminary Injunction Order into a Permanent Injunction Order and issue default judgment.

Enforcement of the Canadian Order against Google in the United States concerning search results in the United States is permanently enjoined.  Google has established that the Canadian Order is not enforceable concerning search results in the United States because the Canadian Order abrogates Google's civil immunity under the Communications Decency Act, is repugnant to United States law as inconsistent with the First Amendment, and trespasses on international comity.

The Canadian Order would eliminate Section 230 immunity for service providers that link to third-party websites. By forcing intermediaries to remove links to third-party material, the Canadian order undermines the policy goals of Section 230 and threatens free speech on the global internet. The Canadian Order's abrogation of Section 230 immunity constitutes irreparable harm to Google by restricting activity that Section 230 protects.

Google's U.S. search results are protected speech under the First Amendment. Because the Canadian Order is not narrowly tailored to achieve a compelling interest, Google faces irreparable harm due to its inability to exercise its First Amendment rights.

In addition, the Canadian Order ignores that each country is the master of its own territory only. The Canadian Order does not recognize or provide the level of protection for speech that U.S. public policy demands. Its censorship of U.S. search results is therefore repugnant to the public policy of the United States and unenforceable.

The balance of equities and public interest, including the interest in upholding the federal policy of the United States, weigh in Google's favor and warrant a permanent injunction.

**IT IS SO ORDERED.**

DATED: _____, 2017

By _____
Hon. Edward J. Davila
United States District Judge
Northern District of California