QUINN EMANUEL URQUHART & SULLIVAN, LLP
Margret M. Caruso (CA Bar No. 243473)
  margretcaruso@quinnemanuel.com
Carolyn M. Homer (CA Bar No. 286441)
  carolynhomer@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065-2139
Telephone:     (650) 801-5000
Facsimile:      (650) 801-5100

*Attorneys for Plaintiff*
*Google LLC*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

| | |
|---|---|
| **Google LLC**, <br><br> Plaintiff, <br><br> vs. <br><br> **Equustek Solutions Inc.**, **Clarma Enterprises Inc.**, and **Robert Angus**, <br><br> Defendants. | Case No. 5:17-cv-04207-EJD <br><br> **REPLY IN SUPPORT OF GOOGLE LLC'S MOTION FOR DEFAULT JUDGMENT AND PERMANENT INJUNCTIVE RELIEF** <br><br> HEARING <br><br> DATE: January 18, 2018 <br> TIME: 9:00 a.m. <br> PLACE: Courtroom 4 - 5th Floor <br> JUDGE: Hon. Edward J. Davila |

**ARGUMENT**

Pursuant to N.D. Cal. Civ. L.R. 7-3(a) Defendants Equustek Solutions Inc., Clarma Enterprises Inc., and Robert Angus (collectively "Equustek") were required to file any opposition to Google's pending Motion for Default Judgment and Permanent Injunctive Relief by Thursday, November 30, 2017. Equustek failed to do so. Accordingly, any opposition is waived and the Court should issue a default judgment permanently enjoining Equustek's enforcement of the Canadian Order in the United States.

After Google filed its opening brief, the Honorable Judge Tigar ordered entry of default judgment in highly analogous circumstances. In *Electronic Frontier Foundation v. Global Equity Management (SA) Pty Ltd.*, No. 17-cv-02053, 2017 WL 5525835 (N.D. Cal. Nov. 17, 2017), Judge Tigar determined this Court had personal jurisdiction over Global Equity Management ("GEMSA"), an Australian company which had sought and obtained an Australian defamation judgment against the Electronic Frontier Foundation ("EFF"). *Id.* at *5-10. The Australian judgment granted GEMSA an injunction requiring EFF, a California-headquartered non-profit corporation, to remove a June 2016 blog post which had called GEMSA a "patent troll" and dubbed one of GEMSA's U.S. patents a "Stupid Patent of the Month." *Id.* at *1-2. Relying on *Yahoo! Inc. v. La Ligue Contre Le Racisme*, 433 F.3d 1199 (9th Cir. 2006) (*en banc*), Judge Tigar concluded that the exercise of personal jurisdiction over GEMSA was appropriate because "The [Australian] injunction calls for a California nonprofit to carry out activities in California, including removing the allegedly offending article, along with references to the article found on 'any and all other websites.'" This is the same analysis advanced by Google, with respect to this Court's jurisdiction to order non-enforcement of the injunction against Google's U.S. search results which Equustek obtained in Canada. *See* Google's Motion for Default Judgment (Dkt. 53) at 2-3.

After finding jurisdiction, Judge Tigar exhaustively evaluated the *Eitel* default judgment factors and the merits of EFF's claim, concluding that EFF was entitled to "a declaration (1) that the Australian Injunction is repugnant to the United States Constitution and the laws of California and the Unites States; and (2) that the Australian [I]njunction cannot be recognized or enforced in

the United States." *Id.* at *17.  Although Google's case does not relate to a foreign defamation action as the order in *Electronic Frontier Foundation* did, the same result is correct here based on the First Amendment and Section 230 of the Communications Decency Act.  *See* Google's Motion for Default Judgment (Dkt. 53) at 5-8.

Given the clarity of the legal issues before the Court, and the absence of any argument from Defendants, Google is willing to submit its motion for resolution on the papers without oral argument.

## CONCLUSION

Google respectfully requests the Court issue a final judgment of default and permanently enjoin Equustek's enforcement of the Canadian Order in the United States.

DATED:  December 5, 2017  QUINN EMANUEL URQUHART & SULLIVAN, LLP


By   /s/ *Margret M. Caruso*
Margret M. Caruso
Carolyn M. Homer

*Attorneys for Plaintiff*
*Google LLC*