UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| GOOGLE LLC,<br><br>    Plaintiff,<br><br>v.<br><br>EQUUSTEK SOLUTIONS INC., et al.,<br><br>    Defendants. | Case No. 5:17-cv-04207-EJD<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AND PERMANENT INJUNCTIVE RELIEF**<br><br>Re: Dkt. No. 53 |

On November 2, 2017, this Court granted Google's motion for preliminary injunctive relief to prevent enforcement of a Canadian court order requiring Google to delist search results worldwide. Dkt. No. 47. Google now moves for default judgment and for permanent injunctive relief. Google's motion will be granted.

**I.    PERMANENT INJUNCTION**

To obtain a permanent injunction, a plaintiff must show "(1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." eBay Inc. v. MercExchange, L.L.C., 547 U.S. 388, 391 (2006).

Google meets these requirements. The Court has already determined that Google would be irreparably harmed by enforcement of the Canadian order, that the balance of hardships favors

Google, and that an injunction would serve the public interest. Dkt. No. 47 at 5–6. Monetary damages would not alleviate the harm. As such, Google's motion for permanent injunctive relief will be granted.

## II. DEFAULT JUDGMENT

### A. Legal Standard

Under Fed. R. Civ. P. 55(b), a district court may enter default judgment against a defendant who has failed to plead or otherwise defend an action. "The district court's decision whether to enter default judgment is a discretionary one." Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980). District courts consider (1) the possibility of prejudice to the plaintiff, (2) the merits of the plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of disputes concerning material facts, (6) whether default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. Eitel v. McCool, 782 F.2d 1470, 1471–72 (9th Cir. 1986). All factual allegations in the complaint, except those regarding damages, are taken as true. Televideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917–18 (9th Cir. 1987).

### B. Jurisdiction and Service Process

In default proceedings, courts must independently examine subject-matter jurisdiction and personal jurisdiction. In re Tuli, 172 F.3d 707, 712 (9th Cir. 1999). Here, subject-matter jurisdiction exists under 28 U.S.C. § 1331 because Google brings claims under 47 U.S.C. § 230 and the First Amendment to the U.S. Constitution. Personal jurisdiction exists because Defendants pursued litigation in Canada aimed at requiring Google to take action in the United States.

Courts must also assess whether the Defendants were properly served with notice of the action. Here, Google properly served Defendants by hand. Dkt. Nos. 17–19.

### C. The Eitel Factors

Here, each Eitel factor favors entry of default judgment.

First, Google will be prejudiced unless the Court awards the injunctive relief that Google

Case No.: 5:17-cv-04207-EJD
ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AND
PERMANENT INJUNCTIVE RELIEF

2

seeks in its complaint. As the Court has already determined, enforcement of the Canadian order would cause irreparable harm to Google. Dkt. No. 47 at 5.

Second, the Court has already determined that Google is likely to succeed on the merits of its § 230 claim. Dkt. No. 47 at 3–5. Since this claim is sufficient to warrant a permanent injunction, the Court does not need to reach the merits of Google's claims under the First Amendment and principles of international comity.

Third, Google does not seek monetary damages.

Fourth, there are no factual disputes.

Fifth, Google has provided evidence that Defendants' default is not the result of excusable neglect. Dkt. No. 53 at 9. Rather, Defendants affirmatively chose not to defend this case. Id.

Because all of the Eitel factors favor entry of default judgment, Google's motion for default judgment will be granted.

### III. CONCLUSION

Google's motion for default judgment and permanent injunctive relief is GRANTED. The Clerk shall close this file.

**IT IS SO ORDERED.**

Dated: December 14, 2017

EDWARD J. DAVILA
United States District Judge

Case No.: 5:17-cv-04207-EJD
ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AND PERMANENT INJUNCTIVE RELIEF
3